United States District Court
Southern District of Texas
**ENTERED**
July 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER ANDREW PEÑA,<br>    Defendant. | §<br>§<br>§<br>§  CRIMINAL NO. 6:17-68<br>§<br>§<br>§ |

## MEMORANDUM OPINION & ORDER

Pending is Defendant Christopher Andrew Peña's motion for amended judgment. D.E. 29.

## I. BACKGROUND

In 2018, Defendant was sentenced to 24 months' imprisonment after he pled guilty to being a felon in possession of a firearm. According to his motion, he was returned to state custody in August of 2018 and "signed for 5 year[s] in state for the exact same pistol" and for new charges. Defendant is currently in federal custody and complains that the Bureau of Prisons refuses to give him credit for time served in state custody. He now moves the Court to amend the judgment to run his federal sentence concurrently with his state sentence.

## II. LEGAL STANDARD

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see also* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010). Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) ("district court may order that a federal sentence run concurrent with a forthcoming state sentence").

## III. ANALYSIS

The federal judgment (D.E. 24) is silent; thus, the presumption is that Defendant's federal sentence runs consecutively to his later-imposed state sentence, and the Court has limited authority to amend the judgment. As reflected in the Clerk's April 30, 2018, Minute Entry, the Court made no comment on concurrency at sentencing. Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006) (district court made no clerical error in its written judgments and did not err in denying Rule 36 motion, where judgment was silent as to concurrency and court made no comment on concurrency at sentencing). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at *2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for amended judgment (D.E. 29) is **DENIED**.

It is so **ORDERED** this 18th day of July, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE