Case 6:17-cr-00068   Document 42   Filed on 07/05/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:17-68 |
| | § | CIVIL NO. 6:23-6 |
| CHRISTOPHER ANDREW PENA, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Christopher Andrew Pena has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 31.[1] Now pending before the Court is the United States of America's (the "Government") motion to dismiss the § 2255 motion as untimely and improperly filed. D.E. 40. Movant has not responded.

**I. BACKGROUND**

Movant was arrested by officers with the Victoria Police Department on July 12, 2017, and charged with unlawfully carrying a weapon, possession of a controlled substance, possession of marijuana, unlawful possession of a firearm by a felon, and theft of a firearm. He was transferred to federal custody on a writ of habeas corpus ad prosequendum on or about August 9, 2017, while state charges remained pending. On September 5, 2017, Movant was indicted by a federal grand jury and charged with being a felon in possession of a firearm. He pled guilty pursuant to a written plea agreement, wherein he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. He was sentenced to 24 months' imprisonment, to be followed by 2 years' supervision. Judgment was entered May 3, 2018. Movant did not appeal. He filed his current motion under 28 U.S.C. § 2255 on January 11, 2023.

---

1. Docket entry references (D.E.) are to the criminal case.

## II. MOVANT'S ALLEGATIONS

Movant raises a single ground for relief: trial counsel was constitutionally ineffective for failing to ensure that Movant's federal sentence would run concurrently with his forthcoming state sentences involving the same firearm. He therefore moves the Court to grant him time credit for 265 days spent in federal custody between roughly August 9, 2017, and May 3, 2018, and order his federal sentence to run concurrent with his state sentences.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Judgment was entered on May 3, 2018. Movant did not appeal, and his conviction became final 14 days later. *See* FED. R. APP. P. 4(b)(1)(A)(i); *Clay v. United States*, 537 U.S. 522, 524, 527 (2003). He did not file his § 2255 motion until January 11, 2023—nearly four years after the statute of limitations expired on May 17, 2019.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant does not claim that he is entitled to equitable tolling, and he has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds that the motion is untimely. Thus, the Court need not consider the Government's additional argument that Movant should have raised this claim in a motion pursuant to 28 U.S.C. § 2241 in the district where he is incarcerated, as the Court previously informed him. *See* D.E. 29, 30 (denying Movant's letter motion to amend the judgment to run his federal and state sentences concurrently).

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES. A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 40) is **GRANTED,** Movant's motion under 28 U.S.C. § 2255 (D.E. 31) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of July, 2023.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE